**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF ALABAMA**

**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID BRASWELL,** | ) | |
| **Plaintiff.** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | |
| **TRANSFORM SR HOLING** | ) | |
| **MANAGEMENT LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff David Braswell, through undersigned counsel, brings this action against Defendant Transform SR Holding Management LLC ("Transform" or "Defendant") and alleges as follows:

### Nature of Action

1. This is an action for disability discrimination and failure to provide reasonable accommodation under Title I of the Americans with Disabilities

Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and for interference with rights protected by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

2. Plaintiff, an experienced service technician with disabling medical conditions, repeatedly informed Defendant of his medical limitations and requested intermittent medical leave and accommodation. Rather than provide the requested intermittent leave and engage in a good-faith interactive process to identify reasonable accommodations that would permit Plaintiff to continue working, Defendant forced Plaintiff onto an unpaid leave of absence and ultimately ended his employment.

Jurisdiction and Venue

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law, including the ADA and FMLA.

4. This Court has jurisdiction over Plaintiff's ADA claims under 42 U.S.C. § 12117(a).

5. This Court has jurisdiction over Plaintiff's FMLA claim under 29 U.S.C. § 2617(a)(2).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 12117(a) because the unlawful employment practices alleged occurred in this District, and Plaintiff worked for Defendant in Alabama.

Parties

7. Plaintiff David Braswell is an adult resident of Pittsview, Alabama, and at all relevant times was employed by Defendant as a service technician.

8. Defendant Transform SR Holding Management LLC is the entity that employed Plaintiff. Defendant does business as Transform Sears Home Services and may be served through its registered agent or other agent authorized to accept service of process.

9. At all relevant times, Defendant was an employer within the meaning of the ADA and the FMLA.

Administrative Exhaustion

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-05657, alleging disability discrimination by Transform Sears Home Services.

11. Plaintiff's EEOC charge alleged, among other things, that Defendant denied his requests for intermittent leave as a reasonable accommodation, failed to engage in an interactive process to identify an accommodation that would allow him to continue performing his job, and forced him onto an unpaid leave of absence beginning February 15, 2025.

12. On June 9, 2026, the EEOC issued its Determination and Notice of Rights concerning Charge No. 440-2025-05657.

13. Plaintiff received the EEOC's Determination and Notice of Rights on or after June 9, 2026. This action is filed within ninety days of Plaintiff's receipt of that notice.

Factual Allegations

14. Plaintiff began working for Defendant's predecessor, Sears, in approximately March 2006 as a service technician. Plaintiff thereafter continued working in the same general line of work for Defendant.

15. Plaintiff worked as a service technician performing service and repair work.

16. Plaintiff has physical impairments and disabling medical conditions, including mitral-valve prolapse, deafness in his left ear, Parkinson's disease, deteriorating disc disease, scoliosis, spinal stenosis, arthritis, and lesions on his brain.

17. Plaintiff's impairments cause significant and chronic pain and substantially limit one or more of Plaintiff's major life activities and major bodily functions, including working, hearing, walking, standing, bending, lifting, and neurological and musculoskeletal functioning.

18. Plaintiff is an individual with a disability within the meaning of the ADA.

19. With reasonable accommodation, including intermittent medical leave and a modified work schedule as medically necessary, Plaintiff was qualified to perform the essential functions of his service-technician position.

20. On or about April 15, 2024, Plaintiff informed Defendant's management of the pain and limitations caused by his medical conditions and of his need for intermittent medical leave as a reasonable accommodation.

21. Plaintiff repeatedly requested intermittent leave and accommodation from Defendant from approximately April 2024 through February 2025.

22. Plaintiff gave Defendant sufficient information to make Defendant aware of his disabling medical conditions, the limitations they imposed, and his need for accommodation.

23. Defendant repeatedly denied Plaintiff's requests for intermittent leave and did not engage in a good-faith, meaningful interactive process to identify reasonable accommodations that would allow Plaintiff to remain at work.

24. Rather than providing the requested intermittent medical leave and reasonable accommodation, Defendant required Plaintiff to take an unpaid leave of absence beginning on or about February 15, 2025.

25. Defendant's conduct deprived Plaintiff of wages, benefits, employment opportunities, and the ability to continue working in his position with reasonable accommodation.

26. Defendant subsequently treated Plaintiff's employment as ended effective on or about April 7, 2025.

27. Defendant's actions caused Plaintiff lost wages and benefits, emotional distress, mental anguish, and other damages.

Count I — Disability Discrimination and Failure to Accommodate Under the ADA

28. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

29. Defendant knew of Plaintiff’s disabilities and his need for reasonable accommodation.

30. Plaintiff requested reasonable accommodations, including intermittent medical leave and a modified schedule as medically necessary, that would have enabled him to perform the essential functions of his position.

31. Defendant failed and refused to provide reasonable accommodation and failed to engage in a good-faith interactive process to identify an effective reasonable accommodation.

32. Defendant subjected Plaintiff to adverse employment actions, including forcing him onto unpaid leave and ending his employment, because of Plaintiff’s disability and need for accommodation.

33. Defendant’s conduct violated the ADA, including 42 U.S.C. § 12112(a) and § 12112(b)(5)(A).

34. As a direct and proximate result of Defendant’s unlawful conduct, Plaintiff suffered damages, including lost wages and benefits, compensatory damages for emotional pain and mental anguish, and other pecuniary and nonpecuniary losses.

Count II — FMLA Interference

35. Plaintiff was an eligible employee under the FMLA, and Defendant was an employer subject to the FMLA.

36. Plaintiff had a serious health condition that made him unable to perform one or more functions of his position.

37. Plaintiff notified Defendant of his need for intermittent FMLA leave and repeatedly sought intermittent leave for his own serious health condition.

38. Plaintiff was entitled to take intermittent FMLA leave when medically necessary.

39. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by denying his requested intermittent leave and forcing him to take unpaid continuous leave instead.

40. Defendant's conduct violated 29 U.S.C. § 2615(a)(1).

41. As a direct and proximate result of Defendant's FMLA interference, Plaintiff suffered lost wages, employment benefits, other compensation, and other monetary losses.

Demand for Jury Trial

42. Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff David Braswell respectfully requests that the Court enter judgment in his favor and against Defendant Transform SR Holding Management LLC and award the following relief:

A. A declaration that Defendant violated the ADA and FMLA;

B. Reinstatement to Plaintiff's former position or, if reinstatement is not feasible, front pay in lieu of reinstatement;

C. Back pay, lost benefits, and other lost compensation;

D. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, as authorized by law;

E. Liquidated damages under the FMLA, as authorized by law;

F. Prejudgment and post-judgment interest;

G. Reasonable attorney's fees, costs, and litigation expenses, as authorized by law; and

H. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of September 2026.

**THE CIVIL RIGHTS LAW GROUP, LLC**

/s/ Terrell McCants
**Terrell McCants**
Attorney for Plaintiff David Braswell
420 North 20th Street, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 771-4999
Facsimile: (205) 771-4991
Email: tmccants@thecivilrightslawgroup.com